No. 387

LICKER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5131. May 9, 1924

480. EVIDENCE—Evidence of accused's state of mind at time he made a damaging admission held admissible as bearing on the weight to be given the admission.

VICKERY, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Licker was indicted and convicted in the Common Pleas for stealing an automobile. The automobile was owned by the complaining witness of the State, who had given a general consent to Licker to use this car at any time when he, the witness, was not using it. This permission had not been revoked up to and including the time when the occurrence took place for which Licker was indicted. There was evidence that Licker went to the garage for the purpose of getting the automobile out and directed the keeper of the garage to the telephone, by reporting that an accident had occurred, and a truck was wanted. This was not true. The only evidence of this was the statement of a policeman that Licker told him that this was done. The garage man was not called.

Defendant's counsel offered evidence to prove that Licker was feeble minded and addicted to the use of drugs and that he was under the influence of cocaine at the time of the occurrences above set forth. This evidence was not for the purpose of showing that Licker was not responsible for his acts, but to bear on the question of the weight to be given to a statement of the kind made to the policeman. The evidence was excluded by the trial court.

Defendant's counsel attempted to have Licker's brother testify that immediately after Licker went to jail, the brother went to see Licker and found the latter's mind was wandering. This evidence, the trial court excluded. Licker prosecuted error. Held:

Inasmuch as the statement of Licker to the policeman was all the evidence given to disprove that Licker took the automobile, under consent of the owner, it became very important that the jury be given the evidence which would throw light upon his condition of mind when he made the statement. The excluded evidence was competent and should have been admitted, and its use limited by proper instructions to the jury. Reversed and remanded for a new trial.

Attorneys—Harry F. Glick, for Licker; E. C. Stanton, for State; both of Cleveland.

No. 388

ZANGERLE v. NAT. MALLEABLE
CASTINGS CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 18454

1157. TAXATION, EXCESS PROFITS—Sums due the Federal Government as income and excess profits tax held deductable from the taxable values of a corporation's personal property.

PER CURIAM.          Epitomized Opinion
Published Only in Ohio Law Abstract

The National Malleable Castings Co. filed a petition in error in the Common Pleas Court to reverse or modify the findings of the Tax Commission of Ohio under GC. 5611-2. On May 1st, 1920, the Castings Company filed with the County Auditor its personal tax return as of Jan. 1st, 1920. In this return defendant deducted the sum of $275,000 from the sum of legal claims and demands owing to it, said amount being the estimated amount of excess profits and excess tax which it believed had accrued in favor of the U. S. Government up to and including Dec. 31, 1919. Exact amount was found to be $292,461.60. The County Auditor refused to permit said amounts to be deducted from said tax returned and corrected the reports accordingly. The Tax Commission of Ohio sustained the County Auditor. The Common Pleas of Cuyahoga County modified the finding of the Tax Commission to the extent of permitting the defendant to deduct from the sum of the legal claims and demands owing to it the amounts of income and excess profits tax. The court held the same to be legal bona fide debts of the defendant, which were properly the subject of deduction under 5327 GC. The Court of Appeals sustained the decision of the Common Pleas Court without opinion.

Attorneys—C. C. Crabbe and David E. Green, for Zangerle; Cook, McGowan, Foote, Bushnell & Burgess, for Castings Co.; all of Cleveland.